UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Case No. 23-cr-202 (BAH) |
| KHALI AHMED BROWN (2), : | **FILED** |
| Defendant. : | SEP 20 2024 |
| | Clerk, U.S. District and Bankruptcy Courts |

### STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I. Summary of the Plea Agreement

Khali Ahmed Brown (hereafter, "the Defendant") agrees to plead guilty to a three-count Superseding Information, charging him with Conspiracy to Distribute and Possess with Intent to Distribute 100 Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Marijuana, a Mixture or Substance Containing a Detectable Amount of Fentanyl, and a Mixture or Substance Containing a Detectable Amount of Oxycodone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), (b)(1)(C), and 846 (Count One); Possessing a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); and Assault with a Dangerous Weapon, in violation of Title 22, District of Columbia Code, §§ 402 and 1805 (Count Three).

II. Elements of the Offense

The essential elements of Count 1 of the Superseding Information, Conspiracy to Possess 100 Kilograms or More of Marijuana, a Mixture and Substance Containing a Detectable Amount of Fentanyl, and a Mixture and Substance Containing a Detectable Amount of Oxycodone with the Intent to Distribute, each of which the Government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) An agreement existed between two or more persons to commit the crimes of

distribution and possession with the intent to distribute a controlled substance, that is, Marijuana, Fentanyl and Oxycodone;

(2) The Defendant intentionally joined in that illegal agreement; and

(3) The amount of the mixture and substance containing a detectable amount of marijuana, which includes the reasonably foreseeable conduct of all the members of the conspiracy known to the defendant, was 100 kilograms or more.

Count Two of the Superseding Information charges that, on January 26, 2023, the Defendant possessed a firearm in furtherance of a drug trafficking crime. The essential elements of this offense are:

(1) That the Defendant committed a drug trafficking crime—here, Conspiracy to Distribute and Possess a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), (b)(1)(C), and 846;

(2) That the defendant knowingly possessed a firearm; and

(3) That the possession of the firearm was during and in relation to, or in furtherance of, the defendant's drug trafficking crime.

Count Three of the Superseding Information charges that, on November 18, 2022, the Defendant committed the crime of Assault with a Dangerous Weapon and Aiding and Abetting. The essential elements of this offense are:

(1) That the defendant injured or attempted to injure another person through the use of actual or threatened force or violence;

(2) That the defendant acted intentionally or willfully; and

(3) That the defendant committed his action while utilizing a deadly weapon.

III.  Penalties for the Offense

The penalties for Conspiracy to Distribute and Possess with Intent to Distribute 100 Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Marijuana, a Mixture or Substance Containing a Detectable Amount of Fentanyl, and a Mixture or Substance Containing a Detectable Amount of Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), (b)(1)(C), and 846, are as follows:

(1)  A term of imprisonment of no less than five years and no greater than 40 years,

(2)  A fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $5,000,000,

(3)  A term of supervised release of at least four years in addition to such term of imprisonment,

(4)  An obligation to pay any applicable interest or penalties on fines and restitution not timely made, and

(5)  A special assessment of $100.

The penalties for Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), are:

(A)  a term of imprisonment of not less than 5 years and not more than life to be served consecutively to any other term of imprisonment imposed;

(B)  a fine not to exceed $250,000;

(C)  a term of supervised release of not more than 5 years; and

(D)  a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

The penalties for Assault with a Dangerous Weapon, in violation of Title 22, District of Columbia Code, §§ 402 and 1805, are:

(A)  a term of imprisonment of no greater than 10 years;

3

 (B) a fine not to exceed $25,000; and

 (C) a term of supervised release of not more than three years.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

 IV. <u>Brief Statement of the Facts</u>

Had this case gone to trial, the Government's evidence would prove the following beyond a reasonable doubt:

1. The Defendant is a member of the Kennedy Street Crew, also known as "KDY," a group of individuals who operate as a street crew in and around the 100-1200 blocks of Kennedy Street in Northwest, Washington, D.C., as well as the surrounding streets. The Kennedy Street Neighborhood contains commercial businesses, public recreation centers, private residences, daycare facilities, and schools, all of which were surrounded by prolific open-air drug trafficking markets operated by KDY members, including the Defendant.

2. One of the narcotics sold in the open-air drug markets controlled by KDY was marijuana. As part of KDY's conspiracy to traffic narcotics in the Kennedy Street Neighborhood, members of the crew regularly flew to the Western United States, including Los Angeles, California, to procure bulk quantities of marijuana. The crew members would then smuggle the marijuana back to the District of Columbia via the Washington, D.C. Metropolitan Area's international airports, and then resell the marijuana at significant profit in the Kennedy Street Neighborhood. The Defendant acknowledges that over the course of his participation in the conspiracy, he took no less than 30 flights to the Western United States for this purpose.

3. Over the course of the Defendant's participation in the Kennedy Street Crew's drug trafficking operation from at least June 2019 and continuing until the date his arrest on June 26, 2023, the amount of marijuana possessed with the intent to distribute that was reasonably foreseeable to the Defendant is more than 1,000 but less than 2,000 kilograms; the amount of fentanyl possessed with the intent to distribute that was reasonably foreseeable to the Defendant is no greater than 40 grams; and the amount of oxycodone possessed with the intent to distribute that was reasonably foreseeable to the Defendant was no greater than 125 grams.

4. In total, the converted drug weight for the narcotics trafficked by the Kennedy Street Crew's drug trafficking operation, which includes the reasonably foreseeable conduct of all the members of the conspiracy known to the Defendant, was at least 1,000 kilograms, but no greater than 3,000 kilograms.

5. During the life of the conspiracy, from at least June 2019 and continuing through at least November 2023, the Defendant regularly used social media, including his Instagram account, to advertise marijuana and pills for sale.

6. On October 10, 2022, law enforcement officers responded to a shooting at a residence located at 2806 Southbridge Court in Bowie, Maryland. The Defendant maintained a room at the residence.

7. During a search of the residence, law enforcement also discovered the following additional items in various locations throughout the residence: approximately 46.75 kilograms of marijuana contained primarily in hard shell suitcases, approximately 106.4 grams of oxycodone pills, approximately 79.6 grams of methamphetamine, approximately 66.2 grams of crack cocaine, approximately $46,948.00 in U.S.

currency, a Glock 45 handgun bearing serial number KKN758, a Glock 26 handgun bearing serial number BLED650, and a Smith & Wesson handgun bearing serial number HWL465.

8. Within the area of the residence inhabited by the Defendant, approximately $14,031 in cash, various firearms accessories, and oxycodone pills were recovered.

9. Approximately two weeks later, on October 26, 2022, members of DEA's High Intensity Drug Trafficking Area ("HIDTA") Airport Group 11 conducted an interdiction operation at Washington Dulles International Airport ("IAD"). At the time, the Defendant, along with several KDY members, were traveling back to IAD on a flight from Los Angeles International Airport ("LAX"). The Defendant's traveling party had checked seven pieces of luggage at LAX.

10. Law enforcement utilized a K-9 officer in the baggage screening area of IAD, who subsequently alerted for the presence of narcotics in the checked bags. Upon encountering the Defendant and additional KDY associates at the baggage claim area of IAD as they were retrieving several pieces of luggage that had been identified as containing narcotics, law enforcement temporarily detained the traveling party. After obtaining a Virginia state search warrant to search the luggage, law enforcement officers discovered approximately 90 kilograms of marijuana in the checked luggage. The luggage was hard-shell suitcases, similar to those recovered from the Defendant's residence earlier that month.

11. On November 18, 2022, the Defendant participated in a shooting that occurred at approximately 2:40 p.m. outside of Jackson-Reed High School, located at 3950 Chesapeake Street NW, Washington, D.C. At that location, around the 5300 block of

6

Fort Drive NW, the Defendant and his co-conspirators fired a Glock 17 9mm firearm towards another person, prompting a return of gunfire. In so doing, the Defendant and his co-conspirators attempted to injure another through the use of actual or threatened force or violence, and they were not reasonably acting in self-defense.

12. The Defendant and his co-conspirators left the scene in his black Infiniti with VA tag TXT 6922, which a witness reported was the suspect vehicle, and which surveillance depicted fleeing the crime scene immediately after the shooting. The black Infiniti with VA tag TXT 6922 was registered to the Defendant.

13. Approximately one hour before the shooting, the Defendant's cell site location information ("CSLI") showed the Defendant's cell phone traveling south from Russett, Maryland towards Washington, D.C. at approximately 1:40 p.m. At the time of the shooting, the Defendant's CSLI showed him at a tower near the shooting scene. After the shooting, the Defendant's CSLI showed him traveling back towards Russett, Maryland.

14. The Glock 17 9mm firearm used in the shooting was recovered two months later on January 26, 2023, at a stash house where the Defendant was arrested. The Defendant's DNA was included on the DNA profile collected from that firearm.

15. On January 26, 2023, law enforcement conducted an interdiction at Baltimore-Washington International Airport ("BWI"). Several KDY members, including the Defendant, were identified as smuggling marijuana back to the Washington, D.C. Metropolitan Area through BWI via an overnight flight from Los LAX. The flight's manifest showed that the Defendant's traveling party checked seven pieces of luggage at LAX.

16. A K-9 officer in BWI alerted for the presence of narcotics in the checked bags. Upon encountering the Defendant, and his associates at the baggage claim area of BWI, law enforcement seized four of the bags and detained multiple members of the traveling party, but the Defendant and a co-defendant charged in Case No. 23-cr-202 were able to evade law enforcement and left with at least two of the seven checked pieces of luggage. Of the four bags seized by law enforcement at BWI, the luggage contained, in aggregate, approximately 39.2 kilograms of marijuana packaged in vacuum sealed bags and located within hard-shell suitcases.

17. The Defendant and his co-conspirator left BWI in a vehicle and were followed by law enforcement. The two individuals traveled to a residence in the District of Columbia, 1704 D Street NE, and were observed entering the residence with several items of luggage.

18. Later that same day, law enforcement applied for, received, and executed a same-day residential search warrant at 1704 D Street NE. That evening, law enforcement encountered the Defendant, along with several other KDY associates in the residence. Law enforcement also recovered ten firearms, assorted ammunition, approximately 21 kilograms of marijuana, 39.5 grams of fentanyl-laced pills, and 50 pills (approximately 5 grams) of oxycodone in suitcases consistent with those taken from the airport during the aforementioned BWI interdiction.

19. Among the firearms in the basement, the Defendant jointly possessed one Glock 17 9mm pistol with an obliterated serial number and equipped with a machinegun conversion device; and he possessed one Glock 29 10mm pistol, bearing serial number BMTS976, with an extended magazine. Both firearms were swabbed for DNA, and

the Defendant's DNA profile was included in the DNA profiles obtained from each firearm. The Defendant acknowledges that he possessed these firearms in connection with his participation in the drug trafficking conspiracy to which he is pleading guilty.

20. On the date of his arrest in connection with this case, June 26, 2023, the Defendant was apprehended at a residence at 1319 5th Street NW, within the District of Columbia, along with two of his co-defendants. Located inside the residence were approximately 3.5 kilograms of marijuana, approximately $2,710.00 in U.S. currency, and six firearms. One of these firearms was a Glock 19 handgun, bearing serial number XGZ497. This firearm was swabbed for DNA, and the Defendant's DNA profile was included in the DNA profile obtained from the firearm.

21. The Defendant agrees that he personally has read, or had read to him, the Superseding Information, the Indictment and Superseding Indictment in Case No. 23-cr-202 (BAH), including the allegations and charges against the Defendant and his co-defendants in those indictments. The Defendant agrees that he does not have information to dispute or disprove those allegations and charges against either him or his co-defendants, set forth in the indictments in any way.

22. This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties, but it is a minimal statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the Defendant's plea of guilty to the charged crimes.

23. This Statement of the Offense fairly and accurately summarizes and describes some of the Defendant's actions and involvement in the offenses to which he is pleading guilty.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Matthew W. Kinskey*
MATTHEW W. KINSKEY
SITARA WITANACHCHI
D.C. Bar No. 1031975 (Kinskey)
D.C. Bar No. 1023007 (Witanachchi)
Assistant United States Attorneys
Violence Reduction & Trafficking Offenses
601 D Street, NW
Washington, D.C. 20530

## DEFENDANT'S ACKNOWLEDGMENT

I have read each of the pages that constitute the Government's proffer of evidence and have discussed it with my attorney, Cary Clennon, Esq., I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: 9-20-2024

*Khali Brown*
KHALI AHMED BROWN
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages that constitute the Government's Proffer of Evidence, reviewed them with my client, Khali Ahmed Brown, and discussed the provisions of the proffer with him fully. These pages accurately and completely set forth the Government's proof, as I understand it.

Date: 9/20/24

*Cary Cle*
Cary Clennon, Esq.
Attorney for Defendant
Khali Ahmed Brown